**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **BRADLEY MANDELA HOUSTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 5:24-cv-00154-TES-CHW** |
| **OFFICER MITCHELL,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| ─────────────────── | : | |

## ORDER & RECOMMENDATION

Plaintiff Bradley Mandela Houston, a prisoner in Calhoun State Prison in Morgan, Georgia, has filed a 42 U.S.C. § 1983 complaint relating to an incident that occurred in Wilcox State Prison.  Compl., ECF No. 1.  Plaintiff has also filed a motion for leave to proceed in this action *in forma pauperis*.  Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Prisoner Trust Fund Account Statement, ECF No. 4.  Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, as set forth below.

Plaintiff's complaint is ripe for preliminary review.  On that review, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to safety claim against Officer Mitchell and Deputy Warden Latorsha Jones.  It is **RECOMMENDED** that Plaintiff's retaliation claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows

that he is indigent and financially unable to pay the court's filing fee.  *See* 28 U.S.C.

§ 1915(a).  A prisoner wishing to proceed under § 1915 must provide the district court

with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of

his prison "trust fund account statement (or institutional equivalent) for the 6-month period

immediately preceding the filing of the complaint."   28 U.S.C. § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without

prepayment of the $350.00 filing fee, and his submissions show that he is currently unable

to prepay any portion of the filing fee.   Plaintiff's motion to proceed *in forma pauperis* is

therefore **GRANTED**.   Plaintiff is, however, still obligated to eventually pay the full

balance of the filing fee, in installments, as set forth in § 1915(b) and explained below.

The district court's filing fee is not refundable, regardless of the outcome of the case, and

must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the

business manager of the facility in which Plaintiff is incarcerated so that withdrawals from

his account may commence as payment towards the filing fee, as explained below.

A.      Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the

above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein

Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any

successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty

percent (20%) of the preceding month's income credited to Plaintiff's trust account at said

institution until the $350.00 filing fee has been paid in full.   The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00.   The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.      Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review.   *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis*

proceedings).    When performing this review, the court must accept all factual allegations

in the complaint as true.    *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).    *Pro*

*se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys,"

and thus, *pro se* claims are "liberally construed."    *Tannenbaum v. United States*, 148 F.3d

1262, 1263 (11th Cir. 1998).    Still, the Court must dismiss a prisoner complaint if it "(1)

is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

seeks monetary relief from a defendant who is immune from such relief."    28 U.S.C.

§1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."    *Miller*

*v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).    The

Court may dismiss claims that are based on "indisputably meritless legal" theories and

"claims whose factual contentions are clearly baseless."    *Id.* (internal quotation marks

omitted).    A complaint fails to state a claim if it does not include "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"    *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The factual allegations in a complaint "must be enough to raise a right to relief above the

speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right

of action."    *Twombly*, 550 U.S. at 555 (first alteration in original).    In other words, the

complaint must allege enough facts "to raise a reasonable expectation that discovery will

reveal evidence" supporting a claim.    *Id.* at 556.    "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice."    *Iqbal*, 556

U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Plaintiff's Allegations

In the complaint, Plaintiff asserts that, in September 2023, he was housed with an inmate who repeatedly attacked him, leading fights with that inmate on four or more occasions. Compl. 5, ECF No. 1. Plaintiff told Officer Mitchell about these fights and explained that he needed to get out of that cell. *Id.* In doing so, Plaintiff showed Mitchell an injury he had sustained from a fight with his cellmate. *Id.* A few minutes later, Deputy Warden Latorsha Jones came to Plaintiff's cell. *Id.* Plaintiff also explained the situation to Jones and asked to be moved from the cell. *Id.* Jones walked away after saying that she would not move Plaintiff. *Id.*

Plaintiff's cellmate continued to instigate conflict with Plaintiff. *Id.* Ultimately, they were involved in an altercation that resulted in injury to Plaintiff's head, which required Plaintiff to be taken to the hospital for stitches and staples. *Id.* Plaintiff then filed this complaint asserting deliberate indifference to his safety. *Id.* Plaintiff also states

that he is asserting a claim for retaliation because he was transferred to a different prison after he was released from the hospital.  *Id.*

    III.    Plaintiff's Claims

        A.    Deliberate Indifference to Safety

To state an Eighth Amendment claim for exposure to unsafe conditions, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety.  *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).  Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk.  *Id.* at 1289-90.  If the defendant took action that reasonably responded to the risk, the defendant will not be held liable, even if the harm was not averted.  *Id.* at 1290.

Plaintiff asserts that he was in a dangerous situation insofar as his cellmate repeatedly attacked him.  Plaintiff told Officer Mitchell and Deputy Warden Jones about the situation and showed Officer Mitchell an injury he had received from his cellmate. Mitchell and Jones refused to address the situation, and Plaintiff was further injured by his cellmate.  These allegations are sufficient to allow Plaintiff to proceed for further factual development on his deliberate indifference to safety claims against Defendants Officer Mitchell and Deputy Warden Jones.

        B.    Retaliation

"The First Amendment forbids prison officials from retaliating against prisoners for

exercising the right of free speech." *Farrow*, 320 F.3d at 1248.   Thus, a prisoner litigant may state a claim for retaliation by alleging that (1) he engaged in constitutionally protected speech, (2) he suffered an adverse action likely to "deter a person of ordinary firmness from engaging in such speech," and (3) there was a causal relationship between the speech and the retaliatory action.   *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

Plaintiff alleges that he was transferred after his release from the hospital.   It appears that Plaintiff is suggesting that he was transferred because prison officials feared that Plaintiff would file a complaint, as he had done in another case.   Even if the potential of filing a complaint were sufficient to satisfy the element of engaging in constitutionally protected speech, Plaintiff's retaliation claim still fails for several reasons.

First, Plaintiff does not allege facts showing that Mitchell or Jones, the only named defendants, were involved in any way with the alleged transfer.   Second, Plaintiff does not include any allegations to show that transferring him amounted to an adverse action likely to deter a person from engaging in protected speech.   And third, Plaintiff does not assert any facts to show a causal relationship between the potential speech and the transfer. Instead, Plaintiff relies on only his conclusory contention that the possibility of his filing a complaint was the reason for his transfer.   Plaintiff's allegations do not state a claim for relief in this regard, and it is **RECOMMENDED** that Plaintiff's retaliation claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

IV.   Conclusion

As set forth above, Plaintiff will be permitted to proceed for further factual

development on his deliberate indifference to safety claim against Defendants Officer

Mitchell and Deputy Warden Latorsha Jones.  It is **RECOMMENDED**, however, that

Plaintiff's retaliation claim be **DISMISSED WITHOUT PREJUDICE** for failure to state

a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections

to this order and recommendation with the United States District Judge to whom this case

is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order

and recommendation.   The parties may seek an extension of time in which to file written

objections, provided a request for an extension is filed prior to the deadline for filing written

objections.   Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga.

L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the

right to challenge on appeal the district judge's order based on factual and legal conclusions

to which no objection was timely made.   *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on

**DEFENDANT OFFICER MITCHELL and DEPUTY WARDEN LATORSHA**

**JONES**, and that they file an Answer, or other response as appropriate under the Federal

Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are also

reminded of the duty to avoid unnecessary service expenses, and the possible imposition

of expenses for failure to waive service.

**DUTY TO ADVISE OF ADDRESS CHANGE**

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and

where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 24th day of June, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge